Mr. Neil Sealy, ACORN 523 West 15th Little Rock, Arkansas 72204
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed initiated act:
 (Popular Name) THE CAMPAIGN CONTRIBUTION LIMITS AND DISCLOSURE ACT (Ballot Title) AN ACT AMENDING ARKANSAS LAWS BY SPECIFYING REGISTRATION, RESTRICTIONS, AND DISCLOSURE REQUIREMENTS FOR SMALL DONOR POLITICAL ACTION COMMITTEES AND INDEPENDENT EXPENDITURE COMMITTEES, INCLUDING AN ANNUAL LIMITATION OF $25 PER INDIVIDUAL ON CONTRIBUTIONS ACCEPTED BY SMALL DONOR POLITICAL ACTION COMMITTEES AND AN ANNUAL LIMITATION OF $500 PER PERSON ON CONTRIBUTIONS ACCEPTED BY INDEPENDENT EXPENDITURE COMMITTEES;
 DEFINING A SMALL DONOR POLITICAL ACTION COMMITTEE AS ANY PERSON, EXCLUDING AN ORGANIZED POLITICAL PARTY, THE CANDIDATE'S CAMPAIGN COMMITTEE, OR AN EXPLORATORY COMMITTEE, WHO IS REGISTERED WITH THE SECRETARY OF STATE AND RECEIVES CONTRIBUTIONS FROM ONE OR MORE INDIVIDUALS IN ORDER TO MAKE CONTRIBUTIONS TO CANDIDATES; DEFINING AN INDEPENDENT EXPENDITURE AS ONE EXPRESSLY ADVOCATING THE ELECTION OR DEFEAT OF A CLEARLY IDENTIFIED CANDIDATE FOR OFFICE AND AS ONE MADE INDEPENDENTLY OF THE CANDIDATE AND THE CANDIDATE'S AUTHORIZED COMMITTEES OR AGENTS; DEFINING AN INDEPENDENT EXPENDITURE COMMITTEE AS ANY PERSON WHO IS REGISTERED WITH THE SECRETARY OF STATE AND RECEIVES CONTRIBUTIONS FROM ANY PERSON IN ORDER TO MAKE AN INDEPENDENT EXPENDITURE;
 REQUIRING SMALL DONOR POLITICAL ACTION COMMITTEES TO REGISTER ANNUALLY WITH THE SECRETARY OF STATE AND DISCLOSE THE SAME INFORMATION WHICH BY LAW AN APPROVED POLITICAL ACTION COMMITTEE MUST DISCLOSE;
 REQUIRING PERSONS AND INDEPENDENT EXPENDITURE COMMITTEES MAKING INDEPENDENT EXPENDITURES IN EXCESS OF $500 TO FILE REPORTS WITH THE SECRETARY OF STATE 30 DAYS BEFORE, 7 DAYS BEFORE AND 30 DAYS AFTER SPECIFIED CANDIDATE ELECTIONS AND TO DISCLOSE IDENTIFYING INFORMATION ABOUT THE PERSONS OR COMMITTEES AND THE SAME INFORMATION REGARDING CONTRIBUTIONS, CONTRIBUTORS AND EXPENDITURES AS REQUIRED OF CANDIDATES FOR OFFICE OTHER THAN SCHOOL DISTRICT, TOWNSHIP, MUNICIPAL, OR COUNTY OFFICE, AS SET FORTH IN ARKANSAS CODE 7-6-207(b)(1)(A) THROUGH (E); REQUIRING ANY PERSON MAKING AN EXPENDITURE TO CLEARLY NAME AND IDENTIFY THE PERSON IN ALL OF THE PERSON'S COMMUNICATIONS CONCERNING A CANDIDATE AND INCLUDE A NOTICE THAT THE COMMUNICATION IS NOT AUTHORIZED BY ANY CANDIDATE OR CANDIDATE COMMITTEE;
 REDUCING THE CURRENT $1,000 CONTRIBUTION LIMIT TO $100 PER ELECTION FROM ANY PERSON TO A CANDIDATE FOR ANY OFFICE EXCEPT GOVERNOR, LIEUTENANT GOVERNOR, SECRETARY OF STATE, TREASURER OF STATE, AUDITOR OF STATE, ATTORNEY GENERAL, AND COMMISSIONER OF STATE LANDS, WHILE LIMITING TO $300 PER ELECTION CONTRIBUTIONS FROM ANY PERSON TO A CANDIDATE FOR THE ABOVE-NAMED OFFICES; PROVIDING, HOWEVER, THAT AN ORGANIZED POLITICAL PARTY OR SMALL DONOR POLITICAL ACTION COMMITTEE MAY CONTRIBUTE UP TO $2,500 TO A CANDIDATE PER ELECTION;
 REQUIRING CANDIDATES WHEN FILING REPORTS OF CONTRIBUTIONS TO DISCLOSE CONTRIBUTORS WHO DONATE MORE THAN $50 (A REDUCTION FROM THE $100 DISCLOSURE THRESHOLD FOUND IN CURRENT LAW);
 PURSUANT TO REGULATIONS TO BE ADOPTED BY THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION, PERMITTING A SINGLE ANNUAL CREDIT AGAINST INDIVIDUAL ARKANSAS INCOME TAXES EQUAL TO THE TAXPAYER'S AGGREGATE MONEY CONTRIBUTIONS TO A CANDIDATE, A SMALL DONOR POLITICAL ACTION COMMITTEE, A POLITICAL ACTION COMMITTEE OR AN ORGANIZED POLITICAL PARTY, BUT NOT TO EXCEED $50 ON AN INDIVIDUAL TAX RETURN OR $100 ON A JOINT RETURN;
 REQUIRING AN ORGANIZED POLITICAL PARTY AS DEFINED IN ARKANSAS CODE 7-1-101(1) TO FILE ANNUAL REPORTS WITH THE SECRETARY OF STATE ITEMIZING CONTRIBUTORS TO THE PARTY WHO CONTRIBUTE MORE THAN $250 IN THE AGGREGATE ANNUALLY AND DISCLOSING THE AMOUNT AND THE DATE OF THE CONTRIBUTION;
 AUTHORIZING MUNICIPALITIES, COUNTIES AND TOWNSHIPS TO ESTABLISH: REASONABLE LIMITATIONS ON THE TIME PERIODS CANDIDATES FOR LOCAL OFFICE SHALL BE ALLOWED TO SOLICIT CONTRIBUTIONS; LIMITS ON CONTRIBUTIONS TO LOCAL CANDIDATES AT AMOUNTS LOWER THAN THOSE SET BY STATE LAW; AND VOLUNTARY CAMPAIGN EXPENDITURE LIMITS FOR CANDIDATES SEEKING ELECTION TO THEIR RESPECTIVE GOVERNING BODIES;
 MAKING THE PROVISIONS OF THE INITIATED ACT EFFECTIVE ON JANUARY 1, 1997 EXCEPT THAT THE PROVISIONS ESTABLISHING LIMITS ON CONTRIBUTIONS TO CANDIDATES AND INDEPENDENT EXPENDITURE COMMITTEES SHALL BECOME EFFECTIVE ON NOVEMBER 6, 1996; REPEALING ALL LAWS OR PARTS OF LAWS IN CONFLICT WITH THE INITIATED ACT; MAKING THE PROVISIONS OF THE INITIATED ACT SEVERABLE AND AMENDATORY TO THE ARKANSAS CODE OF 1987; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)), else voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992) The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee, v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts your popular name is hereby approved as submitted. In my judgment, however, one minor change in the ballot title is necessary to fully inform the voter of the change in current law which the proposal would effect. Your submitted ballot title is hereby disapproved and the following substituted in its place:
 (Ballot Title) AN ACT AMENDING ARKANSAS LAWS BY SPECIFYING REGISTRATION, RESTRICTIONS, AND DISCLOSURE REQUIREMENTS FOR SMALL DONOR POLITICAL ACTION COMMITTEES AND INDEPENDENT EXPENDITURE COMMITTEES, INCLUDING AN ANNUAL LIMITATION OF $25 PER INDIVIDUAL ON CONTRIBUTIONS ACCEPTED BY SMALL DONOR POLITICAL ACTION COMMITTEES AND AN ANNUAL LIMITATION OF $500 PER PERSON ON CONTRIBUTIONS ACCEPTED BY INDEPENDENT EXPENDITURE COMMITTEES;
 DEFINING A SMALL DONOR POLITICAL ACTION COMMITTEE AS ANY PERSON, EXCLUDING AN ORGANIZED POLITICAL PARTY, THE CANDIDATE'S CAMPAIGN COMMITTEE, OR AN EXPLORATORY COMMITTEE, WHO IS REGISTERED WITH THE SECRETARY OF STATE AND RECEIVES CONTRIBUTIONS FROM ONE OR MORE INDIVIDUALS IN ORDER TO MAKE CONTRIBUTIONS TO CANDIDATES; DEFINING AN INDEPENDENT EXPENDITURE AS ONE EXPRESSLY ADVOCATING THE ELECTION OR DEFEAT OF A CLEARLY IDENTIFIED CANDIDATE FOR OFFICE AND AS ONE MADE INDEPENDENTLY OF THE CANDIDATE AND THE CANDIDATE'S AUTHORIZED COMMITTEES OR AGENTS; DEFINING AN INDEPENDENT EXPENDITURE COMMITTEE AS ANY PERSON WHO IS REGISTERED WITH THE SECRETARY OF STATE AND RECEIVES CONTRIBUTIONS FROM ANY PERSON IN ORDER TO MAKE AN INDEPENDENT EXPENDITURE;
 REQUIRING SMALL DONOR POLITICAL ACTION COMMITTEES TO REGISTER ANNUALLY WITH THE SECRETARY OF STATE AND DISCLOSE THE SAME INFORMATION WHICH BY LAW AN APPROVED POLITICAL ACTION COMMITTEE MUST DISCLOSE;
 REQUIRING PERSONS AND INDEPENDENT EXPENDITURE COMMITTEES MAKING INDEPENDENT EXPENDITURES IN EXCESS OF $500 TO FILE REPORTS WITH THE SECRETARY OF STATE 30 DAYS BEFORE, 7 DAYS BEFORE AND 30 DAYS AFTER SPECIFIED CANDIDATE ELECTIONS AND TO DISCLOSE IDENTIFYING INFORMATION ABOUT THE PERSONS OR COMMITTEES AND THE SAME INFORMATION REGARDING CONTRIBUTIONS, CONTRIBUTORS AND EXPENDITURES AS REQUIRED OF CANDIDATES FOR OFFICE OTHER THAN SCHOOL DISTRICT, TOWNSHIP, MUNICIPAL, OR COUNTY OFFICE, AS SET FORTH IN ARKANSAS CODE 7-6-207(b)(1)(A) THROUGH (E); REQUIRING ANY PERSON MAKING AN EXPENDITURE TO CLEARLY NAME AND IDENTIFY THE PERSON IN ALL OF THE PERSON'S COMMUNICATIONS CONCERNING A CANDIDATE AND INCLUDE A NOTICE THAT THE COMMUNICATION IS NOT AUTHORIZED BY ANY CANDIDATE OR CANDIDATE COMMITTEE;
 REDUCING THE CURRENT $1,000 CONTRIBUTION LIMIT TO $100 PER ELECTION FROM ANY PERSON TO A CANDIDATE FOR ANY OFFICE EXCEPT GOVERNOR, LIEUTENANT GOVERNOR, SECRETARY OF STATE, TREASURER OF STATE, AUDITOR OF STATE, ATTORNEY GENERAL, AND COMMISSIONER OF STATE LANDS, WHILE LIMITING TO $300 PER ELECTION CONTRIBUTIONS FROM ANY PERSON TO A CANDIDATE FOR THE ABOVE-NAMED OFFICES; PROVIDING, HOWEVER, THAT AN ORGANIZED POLITICAL PARTY OR SMALL DONOR POLITICAL ACTION COMMITTEE MAY CONTRIBUTE UP TO $2,500 TO A CANDIDATE PER ELECTION;
 REQUIRING CANDIDATES WHEN FILING REPORTS OF CONTRIBUTIONS TO DISCLOSE CONTRIBUTORS WHO DONATE MORE THAN $50 (A REDUCTION FROM THE $100 DISCLOSURE THRESHOLD FOR MOST CANDIDATES AND THE $250 DISCLOSURE THRESHOLD FOR COUNTY CANDIDATES FOUND IN CURRENT LAW);
 PURSUANT TO REGULATIONS TO BE ADOPTED BY THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION, PERMITTING A SINGLE ANNUAL CREDIT AGAINST INDIVIDUAL ARKANSAS INCOME TAXES EQUAL TO THE TAXPAYER'S AGGREGATE MONEY CONTRIBUTIONS TO A CANDIDATE, A SMALL DONOR POLITICAL ACTION COMMITTEE, A POLITICAL ACTION COMMITTEE OR AN ORGANIZED POLITICAL PARTY, BUT NOT TO EXCEED $50 ON AN INDIVIDUAL TAX RETURN OR $100 ON A JOINT RETURN;
 REQUIRING AN ORGANIZED POLITICAL PARTY AS DEFINED IN ARKANSAS CODE 7-1-101(1) TO FILE ANNUAL REPORTS WITH THE SECRETARY OF STATE ITEMIZING CONTRIBUTORS TO THE PARTY WHO CONTRIBUTE MORE THAN $250 IN THE AGGREGATE ANNUALLY AND DISCLOSING THE AMOUNT AND THE DATE OF THE CONTRIBUTION;
 AUTHORIZING MUNICIPALITIES, COUNTIES AND TOWNSHIPS TO ESTABLISH: REASONABLE LIMITATIONS ON THE TIME PERIODS CANDIDATES FOR LOCAL OFFICE SHALL BE ALLOWED TO SOLICIT CONTRIBUTIONS; LIMITS ON CONTRIBUTIONS TO LOCAL CANDIDATES AT AMOUNTS LOWER THAN THOSE SET BY STATE LAW; AND VOLUNTARY CAMPAIGN EXPENDITURE LIMITS FOR CANDIDATES SEEKING ELECTION TO THEIR RESPECTIVE GOVERNING BODIES;
 MAKING THE PROVISIONS OF THE INITIATED ACT EFFECTIVE ON JANUARY 1, 1997 EXCEPT THAT THE PROVISIONS ESTABLISHING LIMITS ON CONTRIBUTIONS TO CANDIDATES AND INDEPENDENT EXPENDITURE COMMITTEES SHALL BECOME EFFECTIVE ON NOVEMBER 6, 1996; REPEALING ALL LAWS OR PARTS OF LAWS IN CONFLICT WITH THE INITIATED ACT; MAKING THE PROVISIONS OF THE INITIATED ACT SEVERABLE AND AMENDATORY TO THE ARKANSAS CODE OF 1987; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh